Mollie **WEINGER** a/k/a Mollie Weiner, Plaintiff,

v.

**J. W. MACY, Jr., L. J. Andolsek and Robert E. Hampton as United States Civil Service Commissioners, Defendants.**

No. 65-C-143.

United States District Court
E. D. New York.
Nov. 16, 1965.

---

Goldweber, Ugelow, Hershkowitz & Balsam, Jamaica, N. Y., for plaintiff; by Joel Balsam, Jamaica, N. Y., of counsel.

Joseph P. Hoey, U. S. Atty., for defendants; by Ronald Gene Wohl, Asst. U. S. Atty., of counsel.

RAYFIEL, District Judge.

This action was instituted under Section 1009 of Title 5, United States Code, to review an order of the United States Civil Service Commission (the Commis-

sion) which denied the plaintiff survivor annuity benefits as the widow of Abraham Weinger, also known as Abraham Weiner, formerly an employee of the United States Government. The parties have cross-moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The deceased annuitant and the plaintiff were married in 1921. In or about 1949 they separated. In August, 1957 the annuitant obtained a divorce from the plaintiff in a court in the State of Chihuahua, Mexico, the plaintiff not appearing in the action either personally or by counsel. Some two weeks thereafter he married Evelyn R. Weinger in Greenwich, Connecticut, and they returned to New York City, where they continued to reside as husband and wife until his death. Following his separation from the plaintiff, and until his death, the annuitant, pursuant to an order of the Domestic Relations Court of the City of New York, provided for her support.

On or about May 31, 1958 the annuitant retired from Government service, electing, pursuant to the provisions of the Civil Service Retirement Act hereinafter quoted, to receive a reduced annuity, and designated his wife, Evelyn R. Weinger, to receive an annuity upon his death.

On or about July 29, 1963 he died, and both the plaintiff and Evelyn filed claims for the monthly payments provided for the survivor of the deceased annuitant. The Bureau of Retirement and Insurance (the Bureau) of the Commission informed the plaintiff that since the said Mexican divorce had not been challenged it would recognize Evelyn's claim to the annuity.

Thereafter the plaintiff commenced an action in the New York Supreme Court, Queens County, for a declaratory judgment nullifying the Mexican divorce and the annuitant's marriage to Evelyn. During the pendency of the action the Bureau informed plaintiff's counsel that, while Evelyn's claim to the annuity would not be recognized if Mollie were successful in her state court action, Mollie's

claim thereto would not be recognized either, inasmuch as the annuitant did not designate her at the time of his retirement to receive the same. Nevertheless the Queens County litigation continued, and on June 3, 1964 the plaintiff obtained a decree invalidating the Mexican divorce and the annuitant's subsequent marriage to Evelyn. On June 22, 1964 the Board decided that the plaintiff was ineligible for the annuity and on November 10, 1964 that determination became final when it was affirmed by the Board of Appeals.

The applicable provisions of the statute (Civil Service Retirement Act) 70 Stat. 743, Title 5, United States Code, Sec. 2251 et seq., follow:

"[Title 5, U.S.C. Sec. 2259(g)]
Any employee or Member retiring under section 2256, 2257 or 2258 of this title may at the time of retirement elect a reduced annuity, in lieu of the annuity as hereinbefore provided, and *designate* in writing his wife or husband to receive an annuity after the retired individual's death computed as provided in section 2260(a) (1) of this title. The annuity of the employee or Member making such election, excluding any increase because of retirement under section 2257 of this title, shall be reduced by 2½ per centum of so much of the portion thereof designated under section 2260(a) (1) of this title as does not exceed $2,400 and by 10 per centum of so much of the portion so designated as exceeds $2,400. (Emphasis added.)

"[Title 5, U.S.C. Sec. 2260(a) (1)]
If a Member or·employee dies after having retired under any provision of this chapter and is survived by a wife or husband *designated* under section 2259(g) of this title such wife or husband shall be paid an annuity equal to 50 per centum of so much of an annuity computed as provided in subsections (a), (b), (c), (d), (e), and (f) of section 2259 of this title, as may apply with respect to the annuitant, as is designated in

writing for such purpose by such Member or employee at the time he makes the election provided for by section 2259(g) of this title." (Emphasis added.)

The plaintiff argues that despite the language of the statute she is entitled to the annuity because (1) under the Queens County decision she is the lawful widow of the annuitant, and (2) an employee of the defendant had orally represented to her that if she were successful in the Queens County action her claim to the annuity would be recognized.

■ I disagree. Section 2260(a) (1), supra, provides that the survivor annuity shall be paid to the wife *designated* under Section 2259(g), supra. It was not the annuitant's intention to provide an annuity for Mollie, from whom, at the time of his retirement, he had been separated for many years and divorced for about a year, and for whose support he had provided, albeit probably compulsorily, since their separation. Clearly his intention was manifested by the fact that upon retirement he named his then wife as the beneficiary of the annuity by referring to her not merely as "my wife" but also by specifically adding her name "Evelyn".

■ Nor is there validity in the plaintiff's claim that she is entitled to relief herein because she commenced her aforementioned state court action relying on a Commission employee's statement that if she were successful therein the Commission would not make annuity payments to Evelyn. In the case of Utah Power & Light Co. v. United States, 243 U.S. 389, at page 409, 37 S.Ct. 387, at ·page 391, 61 L.Ed. 791, the Court said, "it is enough to say that the United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit." (Cases cited.)

■ It is well settled law that the interpretation of a statute by a government agency charged with the responsibility of administering it is entitled to great

weight if there is a reasonable basis therefor in the law. See Power Reactor Development Co. v. International Union of Electrical, etc., 367 U.S. 396, 408, 81 S.Ct. 1529, 6 L.Ed.2d 924; Pangburn v. C. A. B., 1 Cir., 311 F.2d 349, 355; and United States v. Ekberg, 8 Cir., 291 F.2d 913, 921.

The scope of this review, then, should be limited to determining whether there was warrant or sanction in law for the Commission's decision. I believe there was. To hold otherwise would be to disregard the manifest intent of the annuitant in *specifically* designating Evelyn and impliedly rejecting the plaintiff.

Accordingly, the plaintiff's motion for summary judgment is denied and the defendant's is granted.

Settle order on notice.